**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| SARAH EATON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 4:14-cv-1810 |
| ) | |
| CREDIT MANAGEMENT, LP ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | |

## CREDIT MANAGEMENT, LP'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Credit Management, LP, ("Defendant"), through counsel, states as follows for its Answer to Sarah Eaton's ("Plaintiff") Petition:

## INTRODUCTION AND JURISDICTION

**1.** Defendant admits that Plaintiff cites the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") in paragraph 1. To the extent the remainder of paragraph 1 sets forth legal conclusions, Defendant states that no response is required to such legal conclusions. To the extent the remainder of paragraph 1 sets forth any factual allegations, or is construed to contain any factual allegations, those allegations are denied.

**2.** Defendant admits this Court has jurisdiction over the FDCPA claim in this case and that venue for the same is proper. Defendant denies that it engaged in any illicit conduct in St. Louis County, Missouri or elsewhere.

**3.** Defendant admits that Plaintiff cites the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") in paragraph 3. To the extent the remainder of paragraph 3 sets forth legal conclusions, Defendant states that no response is required to such legal conclusions. To the extent the remainder of paragraph 3 sets forth any factual allegations, or is construed to contain any factual allegations, those allegations are denied.

**4.** Defendant admits this Court has jurisdiction over the TCPA claim in this case and that venue for the same is proper.

**5.** Defendant admits that Venue for this case is appropriate in this District. Defendant denies that it engaged in any illicit conduct in Warren County, Missouri or elsewhere.

**6.** Defendant admits that Plaintiff has demanded a jury trial in paragraph 6.

## PARTIES

**7.** Defendant admits, upon information and belief, that Plaintiff is a natural person believed to currently reside in Warren County, Missouri. To the extent the remainder of paragraph 7 sets forth legal conclusions, Defendant states that no response is required to such legal conclusions. To the extent the remainder of paragraph 7 sets forth any factual allegations, or is construed to contain any factual allegations, Defendant is without knowledge or information sufficient to form a belief as to truth of these allegations and, therefore, denies the same.

**8.** Defendant admits that it is a foreign corporation with its principal place of business in Carrollton, Texas. Defendant admits that it collects accounts due to others in Missouri and elsewhere. To the extent that the remainder of paragraph 8 of Plaintiff's Complaint sets forth legal conclusions, this Defendant states that no response is required to such legal conclusions. To the extent that the remainder of paragraph 8 of Plaintiff's Complaint sets forth any factual allegations, or is construed to contain any factual allegations, Defendant is without knowledge or information sufficient to form a belief as to truth of these allegations and, therefore, denies the same.

**9.** Defendant admits that it collects accounts due to others. To the extent that the remainder of paragraph 9 sets forth legal conclusions, Defendant states that no response is required to such legal conclusions. To the extent the remainder of paragraph 9 sets forth any

factual allegations, or is construed to contain any such factual allegations, Defendant denies those allegations.

## FACTS

10. To the extent the remainder of paragraph 10 sets forth legal conclusions, Defendant states that no response is required to such legal conclusions. To the extent the remainder of paragraph 10 sets forth any factual allegations, or is construed to contain any factual allegations, those allegations are denied.

11. Defendant denies the allegations set forth in paragraph 11.

12. Defendant admits it believes that it called plaintiff regarding an account owed to another entity. Defendant further answers that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 12 and, therefore, denies the same.

13. Defendant denies, upon information and belief, the allegations set forth in paragraph 13.

14. Defendant denies the allegations set forth in paragraph 14.

15. Defendant denies the allegations set forth in paragraph 15.

16. Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations set forth in paragraph 16 and, therefore, denies the same.

17. Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations set forth in paragraph 17 and, therefore, denies the same.

18. Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations set forth in paragraph 18 and, therefore, denies the same.

19. Defendant denies, upon information and belief, the allegations set forth in paragraph 19.

**20.** Defendant admits that, upon information and belief, Plaintiff and Defendant communicated around July 28, 2014.  Defendant is without knowledge or information sufficient to form a belief as to truth of the remaining allegations set forth in paragraph 20 and, therefore, denies the same.

**21.** Defendant denies, upon information and belief, the allegations set forth in paragraph 21.

**22.** Defendant is without knowledge or information sufficient to form a belief as to truth of the remaining allegations set forth in paragraph 22 and, therefore, denies the same.

**23.** Defendant denies the allegations set forth in paragraph 23.

**24.** Defendant denies, upon information and belief, the allegations set forth in paragraph 24.

**25.** Defendant denies, upon information and belief, the allegations set forth in paragraph 25.

**26.** Defendant denies that it either explicitly or implicitly threatened to initiate a lawsuit against Plaintiff, and therefore, upon information and belief, that it intended to initiate a lawsuit against Plaintiff during the time relevant to this action.

**27.** Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations set forth in paragraph 27 and, therefore, denies the same.

**28.** Defendant denies, upon information and belief, the allegations set forth in paragraph 28.

**29.** Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations set forth in paragraph 29 and, therefore, denies the same.

**30.** Defendant denies, upon information and belief, the allegations set forth in paragraph 30.

**31.**     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations set forth in paragraph 31 and, therefore, denies the same.

**32.**     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations set forth in paragraph 32 and, therefore, denies the same.

**33.**     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations set forth in paragraph 33 and, therefore, denies the same.

**34.**     Defendant denies the allegations set forth in paragraph 34.

### COUNT I: ALLEGED VIOLATION OF THE FDCPA

**35.**     Defendant re-asserts and incorporates by reference all of the above answers.

**36.**     Defendant admits that it collects accounts due to others.  To the extent that the remainder of paragraph 36 sets forth legal conclusions, Defendant states that no response is required to such legal conclusions.  To the extent the remainder of paragraph 36 sets forth any factual allegations, or is construed to contain any such factual allegations, Defendant denies those allegations.

**37.**     Defendant states that paragraph 37 sets forth a legal conclusion to which no response is required.  To the extent paragraph 37 sets forth any factual allegations, or is construed to contain any such factual allegations, Defendant denies those allegations.

**38.**     Defendant denies the allegations set forth in paragraph 38, including each of its subparts.

Defendant denies Plaintiff is entitled to the relief requested in the WHEREFORE paragraph of Count I to Plaintiff's Complaint.  To the extent not specifically admitted herein, Defendant denies each and every allegation of Count I to Plaintiff's Complaint.  Defendant denies all headings contained in Plaintiff's Complaint.

## COUNT II: ALLEGED VIOLATION OF THE TCPA

**39.** Defendant re-asserts and incorporates by reference all of the above answers.

**40.** Defendant denies the allegations set forth in paragraph 40, including each of its subparts.

Defendant denies Plaintiff is entitled to the relief requested in the WHEREFORE paragraph of Count II to Plaintiff's Complaint. To the extent not specifically admitted herein, Defendant denies each and every allegation of Count II to Plaintiff's Complaint. Defendant denies all headings contained in Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

**1.** Defendant re-asserts and incorporates by reference all of the above answers.

**2.** Plaintiff's Complaint fails to the extent it is barred by the statute of limitations.

**3.** Plaintiff's Complaint fails to the extent it does not state any cause of action upon which relief can be granted and should be dismissed with prejudice in its entirety.

**4.** Plaintiff's claims fail to the extent Plaintiff lacks standing to bring the claims asserted in Plaintiff's Complaint.

**5.** Plaintiff's claims fail to the extent Plaintiff "[s]eeks release of the alleged debt" or other equitable relief that is neither authorized by the FDCPA nor the TCPA.

**6.** Plaintiff's claims fail to the extent Plaintiff has failed to mitigate damages, if any.

**7.** Plaintiff's claims fail to the extent they are barred by the doctrines of ratification or acquiescence.

**8.** Any violation of law by Defendant, which is specifically denied, resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid the error.

9.  If, in fact, Defendant performed any wrongful acts, which is specifically denied, such acts were not performed knowingly, purposely, with malicious purpose, in bad faith, intentionally, recklessly, willfully, or wantonly.

10. To the extent that any of the foregoing allegations in Plaintiff's Complaint have not been expressly admitted or denied, they are hereby denied.

11. Defendant affirmatively pleads that it is entitled to attorney's fees in the event that the Court determines that the Plaintiff has filed in bad faith or for the purposes of harassment an unsuccessful pleading, motion, or other paper in connection with this action under 15 U.S.C. § 1692k(a)(3).

12. Defendant reserves the right to raise additional defenses that may be learned during the course of discovery.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant requests that:

1.  Plaintiff's Complaint be dismissed with prejudice; and

2.  Judgment be entered in Defendant's favor on all Counts; and

3.  Plaintiff recover nothing from Defendant; and

4.  Defendant be awarded the costs it incurred; and

5.  Defendant be awarded its reasonable attorneys' fees and costs as provided under applicable law, including 15 U.S.C. § 1692k(a)(3); and

6.  For such other relief as this Court deems just and proper.

        Respectfully submitted,

        STURYCZ WATTS LLC

        /s/ Nathan D. Sturycz
        Nathan D. Sturycz, #61744MO
        5757 Phantom Drive, Suite 250
        St. Louis, MO 63042
        Telephone:  877.314.3223, ext. 1
        Fax:  888.632.6937
        nathan@swattslaw.com
        *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 24, 2014, the foregoing was filed electronically with the Clerk of the Court and served by operation of the Court's electronic filing system to the following counsel of record:

Steven A. Donner
Matthew P. Cook
Aektra Legal, LLC
405 Washington Avenue
St. Louis, Missouri 63102
*Attorneys for Plaintiff*

        /s/ Nathan D. Sturycz