IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SARAH EATON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:14-CV-1810 SNLJ |
| | ) | |
| CREDIT MANAGEMENT, LP, | ) | |
| | ) | |
| Defendants | ) | |

## MEMORANDUM AND ORDER

Plaintiff brought this action against defendant Credit Management, LP for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"). Defendants have moved to strike plaintiff's prayer for equitable and injunctive relief. Plaintiff has not responded, and the time for doing so has now passed.

Plaintiff alleges that defendant called her cell phone numerous times during July 2014 regarding an alleged debt from Charter. Plaintiff requested and was denied validation of the alleged debt during the 30-day "validation period." Defendant allegedly called plaintiff's family members and friends about the debt during the 30-day "validation period." Finally, plaintiff alleges that defendant was extremely persistent and threatened legal action despite refusing to validate the debt, and the collection attempts

1

and misrepresentations have caused plaintiff to incur actual damages, attorney's fees, emotional distress, and denial of credit. Plaintiff's complaint contains two counts: Count I is for violation of the FDCPA and seeks a declaratory judgment that defendant's conduct violated the FDCPA, actual damages, release of the alleged debt, and statutory damages and costs/fees. Count II is for violation of the TCPA and seeks a declaratory judgment that defendant's conduct violated the FDCPA, actual damages, release of the alleged debt, and statutory damages and costs/fees.

Defendant has answered the complaint but seeks an order striking plaintiff's requests for declaratory judgment and the release of the debt. The FDCPA contains no express provision for injunctive or declaratory relief in private actions, and the majority of courts have held that no such relief is available under the FDCPA. *Jones v. CBE Grp., Inc.*, 215 F.R.D. 558, 563 (D. Minn. 2003) (collecting cases). Plaintiff, having filed no response in opposition to defendant's motion, does not suggest otherwise. "A prayer for relief not available under the applicable law, or which asserts a damage claim in excess of the maximum recovery permitted by law, is properly subject to a motion to strike." *Johnson v. Metro. Sewer Dist.*, 926 F. Supp. 874, 875 (E.D. Mo. 1996). The prayer for declaratory and injunctive relief, including release of the alleged debt, for the FDCPA claim will thus be stricken.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to strike plaintiff's prayer for equitable and injunctive relief (#7) is GRANTED.

Dated this   20th   day of March, 2015.

_____
STEPHEN N. LIMBAUGH, Jr.
UNITED STATES DISTRICT JUDGE